Robert B. Hunter
Law Offices of M.L. Zager, P.C.
461 Broadway, PO Box 948
Monticello NY 12701
Rhunter@mzager.com
Fax: 845-794-3919
Tel: 845-794-3660

Attorneys for Plaintiff
J & J Sports Productions, Inc.

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| J & J Sports Productions, Inc.<br><br>　　　　　　　　Plaintiff,<br>vs.<br><br>Robert J. Taaffe, individually and<br>d/b/a Bobby T's Sports Grill; and<br>Bobby T's Sport Grill, Inc.,<br>an unknown business entity<br>d/b/a Bobby T's Sports Grill<br><br>　　　　　　　　Defendants. | Case No.:   1:18-CV-0491 (TJM/DJS)<br><br>COMPLAINT |

**PLAINTIFF ALLEGES:**

### JURISDICTION

1. Jurisdiction is founded on the existence of a question arising under particular statutes. This action is brought pursuant to several federal statutes, including the Communications Act of 1934, as amended, Title 47 U.S.C. 605, *et seq.*, and The Cable & Television Consumer Protection and Competition Act of 1992, as amended, Title 47 U.S. Section 553, *et seq.*

2. This Court has jurisdiction of the subject matter of this action pursuant to 28 U.S.C.

Page 1

Section 1331, which states that the District Courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties, of the United States. This Court has subject matter jurisdiction over the state law claims pursuant to 28 U.S.C. § 1367 (supplemental jurisdiction).

3. This Court has personal jurisdiction over the parties in this action as a result of the Defendants' wrongful acts hereinafter complained of which violated the Plaintiff's rights as the exclusive commercial domestic distributor of the televised fight *Program* hereinafter set forth at length. The Defendants' wrongful acts consisted of the interception, reception, publication, divulgence, display, exhibition, and tortious conversion of said property of Plaintiff within the control of the Plaintiff in the State of New York.

## VENUE

4. Pursuant to Title 47 U.S.C. Section 605, venue is proper in the Northern District of New York because a substantial part of the events or omissions giving rise to the claim occurred in this District.

## INTRADISTRICT ASSIGNMENT

5. Assignment to the Northern District of New York is proper because a substantial part of the events or omissions giving rise to the claim occurred in Albany County and/or the United States District Court for the Northern District of New York has decided that suits of this nature, and each of them, are to be heard by the Courts in this particular Division.

## THE PARTIES

6. Plaintiff, J & J Sports Productions, Inc. is, and at all relevant times mentioned was, California corporation with its principal place of business located at 950 South Bascom Avenue, Suite 3010, San Jose, California 95128.

7. Defendant, Robert J. Taaffe is an individual identified as a "Principal" of Bobby T's Sport Grill, Inc., which operates the commercial establishment doing business as Bobby T's Sports Grill located at 221 North Allen Street, Albany NY 12206.

8. Defendant, Robert J. Taaffe is an individual specifically identified as the "Principal" and "Owner" of Bobby T's Sport Grill, Inc. on the New York State Liquor Authority License for Bobby T's Sport Grill, Inc. (License Serial No. 2160855).

9. Plaintiff is informed and believes, and alleges thereon that on Saturday, May 2, 2015 (the night of the Program at issue herein, as more specifically defined in Paragraph 16) Defendant, Robert J. Taaffe had the right and ability to supervise the activities of Bobby T's Sport Grill, Inc. which included the unlawful interception of Plaintiff's *Program*.

10. Plaintiff is informed and believes, and alleges thereon that on Saturday, May 2, 2015 (the night of the *Program* at issue herein, as more specifically defined in Paragraph 16) Robert J. Taaffe as an individual specifically identified on New York State Liquor Authority License for Bobby T's Sport Grill, Inc. had the obligation to supervise the activities of Bobby T's Sports Grill, which included the unlawful interception of Plaintiff's *Program*, and, among other responsibilities, had the obligation to ensure that the liquor license was not used in violation of law.

11. Plaintiff is informed and believes, and alleges thereon that on Saturday, May 2, 2015 (the night of the *Program* at issue herein, as more specifically defined in Paragraph 16), Defendant Robert J. Taaffe specifically directed or permitted the employees of Bobby T's Sports Grill to unlawfully intercept and broadcast Plaintiff's *Program* at Bobby T's Sports Grill or intentionally intercepted, and/or published the *Program* at Bobby T's Sports Grill himself. The actions of the employees of Bobby T's Sports Grill are directly imputable to Defendant Robert J. Taaffe by virtue

of their acknowledged responsibility for the operation of Bobby T's Sports Grill.

12. Plaintiff is informed and believes, and alleges thereon that on Saturday, May 2, 2015, Defendant Robert J. Taaffe as the "Principal" and "Owner" of Bobby T's Sport Grill, Inc. and as an individual specifically identified on the New York State Liquor Authority License for Bobby T's Sport Grill, Inc., had an obvious and direct financial interest in the activities of Bobby T's Sports Grill, which included the unlawful interception of Plaintiff's *Program*.

13. Plaintiff is informed and believes, and alleges thereon that the unlawful broadcast of Plaintiff's *Program*, as supervised and/or authorized by Defendant Robert J. Taaffe, resulted in increased profits for Bobby T's Sports Grill.

14. Plaintiff is informed and believes, and alleges thereon that Defendant, Bobby T's Sport Grill, Inc. is an owner, and/or operator, and/or licensee, and/or permittee, and/or person in charge, and/or an individual with dominion, control, oversight and management of the commercial establishment doing business as Bobby T's Sports Grill operating at 221 North Allen Street, Albany NY 12206.

## COUNT I

### (Violation of Title 47 U.S.C. Section 605)

15. Plaintiff J & J Sports Productions, Inc., hereby incorporates by reference all of the allegations contained in paragraphs 1-14, inclusive, as though set forth herein at length.

16. Pursuant to contract, Plaintiff J & J Sports Productions, Inc., was granted the exclusive nationwide commercial distribution (closed- circuit) rights to *"The Fight of the Century" Floyd Mayweather, Jr. v. Manny Pacquiao WBA World Welterweight Championship Fight Program*, telecast nationwide on Saturday, May 2, 2015 (this included all under-card bouts and fight

commentary encompassed in the television broadcast of the event, hereinafter referred to as the "*Program*").

17. Pursuant to contract, Plaintiff J & J Sports Productions, Inc., entered into subsequent sublicensing agreements with various commercial entities throughout North America, including entities within the State of New York, by which it granted these entities limited sublicensing rights, specifically the rights to publicly exhibit the *Program* within their respective commercial establishments in the hospitality industry (i.e., hotels, racetracks, casinos, bars, taverns, restaurants, social clubs, etc.).

18. As a commercial distributor and licensor of sporting events, including the *Program*, Plaintiff J & J Sports Production, Inc., expended substantial monies marketing, advertising, promoting, administering, and transmitting the *Program* to its customers, the aforementioned commercial entities.

19. With full knowledge that the *Program* was not to be intercepted, received, published, divulged, displayed, and/or exhibited by commercial entities unauthorized to do so, the above named Defendants, either through direct action or through actions of employees or agents directly imputable to Defendants (as outlined in paragraphs 7-14 above), did unlawfully intercept, receive, publish, divulge, display, and/or exhibit the *Program* at the time of its transmission at their commercial establishment in Albany, New York located at 221 North Allen Street, Albany NY 12206.

20. Said unauthorized interception, reception, publication, exhibition, divulgence, display, and/or exhibition by the Defendants was done willfully and for purposes of direct and/or indirect commercial advantage and/or private financial gain.

21. Title 47 U.S.C. Section 605, *et seq.*, prohibits the unauthorized publication or use of

communications (such as the transmission of the Program for which Plaintiff J & J Sports Productions, Inc., had the distribution rights thereto).

22. By reason of the aforesaid mentioned conduct, the aforementioned Defendants, violated Title 47 U.S.C. Section 605, *et seq*.

23. By reason of the Defendants' violation of Title 47 U.S.C. Section 605, *et seq*., Plaintiff J & J Sports Production, Inc., has the private right of action pursuant to Title 47 U.S.C. Section 605.

24. As the result of the aforementioned Defendants' violation of Title 47 U.S.C. Section 605, and pursuant to said Section 605, Plaintiff J & J Sports Productions, Inc., is entitled to the following from each Defendant:

(a) Statutory damages for each violation of in an amount to $10,000 pursuant to Title 47 U.S.C. Section 605(e)(3)(C)(i)(II);

(b) Statutory damages for each willful violation in an amount to $100,000.00 pursuant to Title 47 U.S.C. 605(e)(3)(C)(ii); and

(c) The recovery of full costs, including reasonable attorneys' fees, pursuant to Title 47 U.S.C. Section 605(e)(3)(B)(iii).

**WHEREFORE, Plaintiff prays for judgment as set forth below.**

### COUNT II

### (Violation of Title 47 U.S.C. Section 553)

25. Plaintiff hereby incorporate by reference all of the allegations contained in paragraphs 1-24, inclusive, as though set forth herein at length.

26. The unauthorized interception, reception, publication, divulgence, display, and/or

exhibition of the *Program* by the above named Defendants was prohibited by Title 47 U.S.C. Section 553, *et seq.*

27. By reason of the aforesaid mentioned conduct, the aforementioned Defendants, violated Title 47 U.S.C. Section 553, *et seq.*

28. By reason of the Defendants' violation of Title 47 U.S.C. Section 553, *et seq.*, Plaintiff J & J Sports Productions, Inc., has the private right of action pursuant to Title 47 U.S.C. Section 553.

29. As the result of the aforementioned Defendants' violation of Title 47 U.S.C. Section 553, Plaintiff J & J Sports Productions, Inc., is entitled to the following from each Defendant:

    (a) Statutory damages for each violation in an amount to $10,000.00 pursuant to Title 47 U.S.C. § 553(c)(3)(A)(ii);

    (b) Statutory damages for each willful violation in an amount to $50,000.00 pursuant to Title 47 U.S.C. § 553(c)(3)(B);

    (c) The recovery of full costs pursuant to Title 47 U.S.C. Section 553 (c)(2)(C); and

    (d) In the discretion of this Honorable Court, reasonable attorneys' fees, pursuant to Title 47 U.S.C. Section 553 (c)(2)(C).

**WHEREFORE, Plaintiff prays for judgment as set forth below.**

### As to the First Count:

1. For statutory damages in the amount of $110,000.00 against the Defendants;
2. For reasonable attorneys' fees as mandated by statute;
3. For all costs of suit, including, but not limited to, filing fees, service of process fees, investigative costs; and

4.      For such other and further relief as this Honorable Court may deem just and proper.

## As to the Second Count:

1. For statutory damages in the amount of $60,000.00 against the Defendants;

2. For reasonable attorneys' fees as may be awarded in the Court's discretion pursuant to statute;

3. For all costs of suit, including, but not limited to, filing fees, service of process fees, investigative costs; and

4. For such other and further relief as this Honorable Court may deem just and proper.

Date: April 16, 2018

Respectfully submitted,

_____
LAW OFFICES OF M.L. ZAGER, P.C.
By: Robert B Hunter
Attorneys for Plaintiff
J & J Sports Productions, Inc.