## CIVIL CASE MANAGEMENT PLAN

**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK**

-----------------------------------------------------------

J & J Sports Productions, Inc.

v.

Robert J. Taaffe, et al

NO. __1__ : __18__ CV __0491__

-----------------------------------------------------------

**IT IS HEREBY ORDERED that,** pursuant to Rule 16(b), Federal Rules of Civil Procedure, a status and scheduling conference will be held in this case before the Honorable __Daniel J. Stewart__, United States Magistrate Judge on __July 23__, __2018__ at __10__ : __A__ M. at the United States Courthouse, Room No __406__, at __Albany__, New York.

Counsel for all parties or individuals appearing pro se in the above-captioned action are directed to confer in accordance with Fed. R. Civ. P. 26(f) with respect to all of the agenda items listed below, no later than **twenty-one (21) days** before the scheduled Rule 16 Conference. Following that Rule 26(f) conference, a report of the results of the conference, in the format set forth below, must be filed with the clerk no later than seven (7) **days** prior to the scheduled Rule 16 conference with the Court. Matters which the Court will discuss at the status conference will include the following: (insert a separate subparagraph as necessary if parties disagree):

**1) JOINDER OF PARTIES:** Any application to join any person as a party to this action shall be made on or before the __28__ day of __September__, __2018__.

**2) AMENDMENT OF PLEADINGS:** Any application to amend the pleadings to this action shall be made on or before the __31__ day of __October__, __2018__.

**3) DISCOVERY:** All discovery in this action shall be completed on or before the __28__ day of __February__, __2019__. **(Discovery time table is to be based on the complexity of the action)**

**4) MOTIONS:** All motions, including discovery motions, shall be made on or before the __30__ day of __April__, __2019__. **(Non-Dispositive motions including discovery motions may only be brought after the parties have complied with Section IX of General Order #25)**

**5) PROPOSED DATE FOR THE COMMENCEMENT OF TRIAL:** The action will be ready to proceed to trial on or before the __20th__ day of __May__, __2019__. It is anticipated that the trial will take approximately __1 ½__ days to complete. The parties request that the trial be held in __Albany__, N.Y. **(The proposed date for the commencement of trial must be within 18 months of the filing date).**

**6) HAVE THE PARTIES FILED A JURY DEMAND:**     (YES)     ✔ (NO)

**7) DOES THE COURT HAVE SUBJECT MATTER JURISDICTION? ARE THE PARTIES SUBJECT TO THE COURT'S JURISDICTION? HAVE ALL PARTIES BEEN SERVED?**

**The Court has subject matter jurisdiction pursuant to 28 U.S.C. Section 1331. All of the parties** have been served. Defendant expects to serve a third party complaint.

**8) WHAT ARE THE FACTUAL AND LEGAL BASES FOR PLAINTIFF'S CLAIMS AND DEFENDANT'S DEFENSES (INCLUDE COUNTERCLAIMS & CROSSCLAIMS, IF APPLICABLE)?**

Plaintiff alleges that defendant, in violation of 47 U.S.C. 605 and 47 U.S.C. 553, impermissibly broadcast an event to which plaintiff have the exclusive contractual right to commercially broadcast.

**9) WHAT FACTUAL AND LEGAL ISSUES ARE GENUINELY IN DISPUTE?**

Whether Robert J. Taaffe had a right and ability to supervise the infringing activities on the night the program was broadcast (May 2, 2015) and the extent to which Robert Taaffe received an obvious and direct financial interest in the broadcast of the program.

**10) CAN THE ISSUES IN LITIGATION BE NARROWED BY AGREEMENT OR BY MOTIONS? ARE THERE DISPOSITIVE OR PARTIALLY DISPOSITIVE ISSUES APPROPRIATE FOR DECISION ON MOTION?**

Defendants response to Plaintiff's discovery demands ought reveal both the extent to which Robert J. Taaffe had the ability to supervise the activities on the night in questions and ought to divulge the extent to which Robert J. Taaffe received financial benefit from the impermissible broadcast of Plaintiff's program.

**11) WHAT SPECIFIC RELIEF DO THE PARTIES SEEK? WHAT ARE THE DAMAGES SOUGHT?**

(a) Statutory damages for each violation of in an amount to $10,000 pursuant to Title 47 U.S.C. Section 605(e)(3)(C)(i)(II);  (b) Statutory damages for each willful violation in an amount to $100,000.00 pursuant to Title 47 U.S.C. 605(e)(3)(C)(ii); and  (c) The recovery of full costs, including reasonable fees

(a) Statutory damages for each violation in an amount to $10,000.00 pursuant to Title 47 U.S.C. § 553(c)(3)(A)(ii); (b) Statutory damages for each willful violation in an amount to $50,000.00 pursuant to Title 47 U.S.C. § 553(c)(3)(B); (c) The recovery of full costs pursuant to Title 47 U.S.C. Section 553 (c)(2)(C); and (d) In the discretion of this Honorable Court, reasonable attorneys' fees, pursuant to Title 47 U.S.C. Section 553 (c)(2)(C).

**12) DISCOVERY PLAN:**

   **A. Mandatory Disclosures**

   **The parties will exchange the mandatory disclosures required under Rule 26(a)(1) at least seven (7) days prior to the date of the Rule 16 conference, unless they have obtained prior approval from the assigned Magistrate Judge to extend that deadline.**

   **B. Subjects of Disclosure**

   **The parties jointly agree that discovery will be needed to address the following subjects:**

The extent to which Robert J. Taffee had knowledge of the broadcast of the program on May 2, 2015.

The identity of the managers and operators of the business on May 2, 2015.

The revenues generated by the defendants from cover charges on the night of May 2, 2015.

The revenues generated by the defendants through the sale of food, alcoholic and non-alcoholic beverages on the night of the event, to wit: May 2, 2015.

The extent to which Robert J. Taaffe benefitted financially from the broadcast of the program

   **C. Discovery Sequence**

**Describe the parties' understanding regarding the timing of discovery, and state whether it is anticipated that discovery will be phased to address different issues in stages.**

The parties understand that the initial discovery will entail demands for document production, requests for admission and answer to interrogatories. After the initial responses it will be determined which party or parties ought to be deposed. The parties also anticipate expert testimony with respect to the issue regarding how a program is electronically pirated and broadcast.

   **D. Written Discovery**

**Describe the written discovery demands which the parties contemplate serving under Rules 33, 34 and 36, including when they will be promulgated, the areas to be covered, and whether**

there is any need for any party to exceed the number of interrogatories permitted under Rule 33.

Plaintiff intends to serve a demand for production of documents and things, interrogatories and requests for admission. Plaintiffs discovery goes to the right and ability of Robert J. Taaffe and/or others to manage and supervise the defendant's business establishment on the date in question, the financial benefits to the defendant Robert J. Taffe as well as the business establishment from the impermissible broadcast of Plaintiff's program including cover charges and revenues from the sale of food, alcoholic and non-alcoholic beverages. Plaintiff also wishes to establish the number of instances in the past where a similar impermissible broadcast had taken place at defendant's premises.

### E. Depositions

**Set forth the parties' expectations regarding depositions, including the approximate number to be taken, their location, a general description of the deponents, and an indication of whether any non-party fact depositions are anticipated.**

Plaintiff anticipates deposing the defendant Robert J. Taaffe and perhaps one other individual involved in operating defendant business on May 2, 2015. Plaintiff anticipates the deposition will take place in Albany NY. Plaintiff does not anticipate any nonparty fact depositions.

### F. Experts

**Set forth the parties' expectations regarding the retention of experts, and identify any particular issues to be addressed by the court concerning the retention and exchange of the information regarding experts, including whether the parties seek a variance from the expert disclosure requirements of the form uniform pretrial scheduling order typically issued by the court (i.e., initial expert disclosure at least ninety days, responsive expert disclosures at least forty-five days, and rebuttal reports due at least thirty days, before the close of discovery).**

### G. Electronic Discovery

**Set forth the parties' understanding and expectations regarding discovery of electronically stored information. This description should include any agreements reached with respect to the retention of electronically stored information and the manner in which it will be produced, if requested. The parties should also identify any agreements regarding the manner in which electronically stored information subject to claims of privilege or work product protection will be handled, and whether a court order will be requested, either on stipulation or otherwise, to address this issue. If an agreement has been reached on the entry of such an order, provide a brief description of the provisions which will be included in a proposed order.**

The parties counsel are working through the issues concerning discovery of electronically stored information. No agreement has been reached to date.

### H. Protective Orders

**If the parties anticipate requesting a protective order from the court pursuant to Rule 26(c), describe the basis for the request and nature of the proposed protective order.**

The parties do not anticipate requesting a protective order from the court pursuant to Rule 26C.

### I. Anticipated Issues Requiring Court Intervention

**Provide a brief description of any discovery related issues which, the parties reasonably anticipate, may require court intervention.**

The parties do not reasonably anticipate any discovery related issue which may require court intervention.

**13) IS IT POSSIBLE TO REDUCE THE LENGTH OF TRIAL BY STIPULATIONS, USE OF SUMMARIES OR STATEMENTS, OR OTHER EXPEDITED MEANS OF PRESENTING EVIDENCE? IS IT FEASIBLE AND DESIRABLE TO BIFURCATE ISSUES FOR TRIAL?**

The parties believe that upon completion of initial discovery, the parties may be able to stipulate to certain facts that ought to abbreviate the length of the anticipated trial.

**14) ARE THERE RELATED CASES PENDING BEFORE THE JUDGES OF THIS COURT?**

There are no known related cases pending before any of the judges of this court.

**15) IN CLASS ACTIONS, WHEN AND HOW WILL THE CLASS BE CERTIFIED?**

Not applicable.

**16) WHAT ARE THE PROSPECTS FOR SETTLEMENT? Please circle below the prospect for settlement:**

>        1    2    3    4   (5)   6    7    8    9    10
>        (VERY UNLIKELY) →→→→→→→→→→ (LIKELY)

>        CANNOT BE EVALUATED PRIOR TO _____ (DATE)

>        HOW CAN SETTLEMENT EFFORTS BE ASSISTED?

*(Do not indicate any monetary amounts at this time, settlement will be explored by the Magistrate Judge at the time of the initial status conference)*

*COMPLETE QUESTION 17 ONLY IF YOUR FILING ORDER COVER SHEET WAS CHECKED AS AN ADR TRACK CASE - Subject to Mandatory Mediation under General Order #47.*

17) **IF YOUR CASE WAS SELECTED AS A QUALIFYING MANDATORY MEDIATION CASE, CONFIRM THAT YOU HAVE:**

    A.    Reviewed General Order #47 ? ☐ YES ☐ NO
    B.    Reviewed the List of Court Approved Mediators available on the NDNY website? ☐ YES ☐ NO
    C.    Prepared to discuss with the Court, at the conference, whether your case should be opted out of the program. ☐ YES ☐ NO
    D.    Discussed the time frame needed to complete Mandatory Mediation? ☐ YES ☐ NO

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

Pursuant to Fed. R. Civ. P. 26(f) a conference was held on _____ at
_____ with the participation of:        (Date)
                (Place)
_____for plaintiff(s)

_____for defendant(s)_____

    (party name)
_____for defendant(s)_____

    (party name)

At the Rule 16(b) conference, the Court will issue an order directing the future proceedings in this action. The parties are advised that failure to comply with this order may result in the imposition of sanctions pursuant to Federal Rules of Civil Procedure 16(f).

***Please detach this case management plan form and file electronically with the Clerk no later than seven (7) days in advance of the conference date.***